CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Jonathan McKnight )<br>)<br>and )<br>)<br>Samantha McKnight )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Frederick County Department of Social )<br>Services *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 5:24-cv-00080 |

## MEMORANDUM OPINION

This matter is before the court on *pro se* Plaintiffs Jonathan and Samantha McKnight's application to proceed *in forma pauperis* (Dkt. 2 [hereinafter "Application"]) and "Motion for Temporary Restraining Order Without Notice and Request for Emergency Hearing," (Dkt. 1 [hereinafter "TRO Motion"].)  For the reasons that follow, Plaintiffs' Application will be granted but Plaintiffs' TRO Motion will be denied.  In addition, after construing Plaintiffs' TRO Motion as a complaint, it will be dismissed without prejudice.

**I.  Background**

On October 4, 2024, Plaintiffs filed the TRO Motion, requesting that the court issue a temporary restraining order without notice to Frederick County Department of Social Services ("DSS"), Jada Carr, "and other named parties."  (*See* TRO Motion at 1.)  Plaintiffs move for the order pursuant to Federal Rule of Civil Procedure 65(b) "to prevent the imminent and

irreparable harm of unjust child removal and further retaliatory actions" by Child Protective Services ("CPS").  (*Id.*)

Plaintiffs did not file a complaint to commence this civil action.  Rather, Plaintiffs filed a two-page TRO Motion containing scant information regarding alleged "constitutional violations" CPS has committed against Plaintiffs, (*id.* at 2) which the court will construe as a complaint.

Based on the court's reading of the TRO Motion, the background of Plaintiffs' history and ongoing interactions with CPS remains unclear.  Without elaboration, Plaintiffs assert that following an October 1, 2024 hearing, CPS has "escalated its retaliatory actions," including "initiating new investigations into [Plaintiffs'] two remaining children."  (*Id.* at 1.)  Plaintiffs justify a request for issuing the order without notice to Defendants because "[p]roviding notice to CPS would give them the opportunity to take retaliatory pre-emptive actions . . . ."  (*Id.*)  As support, Plaintiffs submit only that "CPS has already demonstrated retaliatory intent . . . ."  (*Id.*)  Plaintiffs purport to provide four documents as supporting "evidence," including the "Emergency Removal Order," "October 1, 2024 Hearing Order," "Forensic Nurse's Resume" and "Tribal Documents."  (*Id.* at 1–2.)  However, Plaintiffs did not submit any "Tribal Documents" with their TRO Motion.

Plaintiffs suggest that the evidence they submitted shows various "procedural irregularities" and other due process violations.  (*Id.* at 2.)  First, by attaching the "Emergency Removal Order," Plaintiffs assert that "CPS issued the order after the child was taken, highlighting procedural irregularities and lack of due process."  (*Id.* at 2.)  Second, by attaching the October 1, 2024 Hearing Order, Plaintiffs seek to show that "[s]ensitive photographs and

evidence were introduced without prior notice, violating the Plaintiffs' due process rights . . . ." (*Id.*)  Finally, by attaching the "Forensic Nurse's Resume," Plaintiffs submit that "CPS relied on incomplete credentials for a key witness, undermining the validity of the testimony." (*Id.*)

Finally, Plaintiffs claim CPS has violated due process rights under the Fourteenth Amendment "by introducing evidence without notice and continuing retaliatory investigations based on false premises." (*Id.*)  They assert that "[f]urther removal of their children without just cause" violates their Fourth Amendment rights against unreasonable seizures and ask this court issue a temporary restraining order "enjoining CPS and Jada Carr from further retaliatory investigations or child removal," and schedule an "emergency hearing" to determine whether the order should remain in effect. (*Id.*).

In conjunction with the TRO Motion, Plaintiffs also filed their Application to proceed with their action without prepaying fees or costs, *in forma pauperis*, on October 4, 2024. (Application at 1.)  Plaintiffs did not file separate Applications, and instead filed the Application jointly. (*See id.*)

## II.     Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).  This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe the Plaintiffs' *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), their complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

### III. Analysis

**A. The TRO Motion fails to cite "specific facts" as required by Rule 65(b)(1).**

Under Federal Rule of Civil Procedure 65(b)(1)(A), the court may *only* issue a temporary restraining order without notice to an adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Plaintiffs' TRO Motion lacks

not only specific facts, but *any* facts, failing to show immediate and irreparable harm. Though Plaintiffs include a section of the TRO on "immediate and irreparable injury," that section consists of just two sentences. (TRO Motion at 1.) In full, Plaintiffs state: "Since the October 1, 2024 hearing, CPS has escalated its retaliatory actions against the Plaintiffs, initiating new investigations into their two remaining children. Removal of their children would cause severe emotional and psychological harm that no monetary damages can repair." (*Id.*)

Aside from an opaque reference to CPS "initiating new investigations" into Plaintiffs' remaining children, Plaintiffs provide no specific facts that allow the court to analyze whether an immediate and irreparable injury—presumably removal of their other children—is likely. (*See id.*) As a result, the court is left to guess at the circumstances and nature of the investigation as well as speculate as to what "retaliatory actions" have occurred or might occur in the future. *See Stepansky v. Sw. Va. Reg'l Jail Auth.*, No. 7:23-CV-00698, 2024 WL 3535138, at *2 (W.D. Va. July 25, 2024) (denying a TRO motion after the plaintiff failed to allege any specific facts to support her conclusory allegations). The procedural requirements of Rule 65(b)(1) "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010). Accordingly, the court finds that Plaintiffs' TRO Motion does not satisfy Rule 65(b)(1) and is denied without prejudice.

**B. Plaintiffs fail to state a claim on which relief may be granted.**

The "traditional precursor" and "condition precedent" to seeking an injunctive relief is the commencement of a civil action in federal court. *Herguan Univ. v. Immigr. & Customs Enf't*, No. 5:12-CV-04364 EJD, 2012 WL 3627862, at *2 (N.D. Cal. Aug. 21, 2012); *see Stewart*

*v. United States I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."). Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint . . . ." Fed. R. Civ. P. 3. However, Plaintiffs did not file any document styled as a complaint with their TRO Motion.

Nonetheless, Plaintiffs' TRO Motion contains a few hallmarks of a complaint. For one thing, Plaintiffs attempt to include a jurisdictional statement and demand relief under a federal statute. (TRO Motion at 2); *see* Fed. R. Civ. P 8(a) (describing what a pleading must contain). For another, Plaintiffs include a caption with the court's name and file number. (TRO Motion at 1); *see* Fed. R. Civ. P 10(a) (describing the form of pleadings). Plaintiffs also allege constitutional violations committed by CPS. (TRO Motion at 2). As a result, the court will construe Plaintiffs' TRO Motion as a complaint attempting to initiate a civil action in federal court, raising constitutional claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

Plaintiffs' complaint represents the type of "clear defect[] in pleading" that requires dismissal despite the liberal construction afforded to *pro se* pleadings. *Jefferies*, 320 F. Supp. 3d at 760. While the complaint appears to allege violations of constitutional law surrounding a child-removal proceeding in state court, it does not contain any factual allegations that support and state a claim, leaving the court to guess what the underlying basis of the complaint is. At best, Plaintiffs' complaint provides no more than "naked assertion[s]" devoid of "further

factual enhancement." *Iqbal*, 556 U.S. at 678 (citation omitted).  As a result, the court concludes that the complaint fails to state a claim upon which relief may be granted.[1]

### III.   Conclusion

For the foregoing reasons, the court grants the application to proceed *in forma pauperis*, denies the TRO Motion, and dismisses the complaint, as construed by this court, without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the plaintiffs.

**ENTERED** this 11th day of October, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that should Plaintiffs refile their TRO Motion with additional facts and include a complaint, there are jurisdictional reasons that suggest this court is likely the wrong forum.  Although Plaintiffs style the TRO Motion to assert constitutional violations by CPS and Carr, it is clear that Plaintiffs' real aim is to have a federal court intervene in proceedings that have taken place or will take place in Virginia state court.  Indeed, the entirety of Plaintiffs' "evidence" attempts to show various irregularities and violations of due process following a series of state court hearings and orders.  Thus, it appears that Plaintiffs chiefly complain about the outcome of child removal proceedings in Frederick County Juvenile and Domestic Relations District Court.  *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013) (finding plaintiff's due process complaint "a mere pretext for the real focus of the Complaint, which challenges the validity of records and proceedings of the North Carolina courts that resulted in the termination of the Strattons' parental rights").  Under the *Rooker-Feldman* doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In addition to issues already presented to and decided by the Juvenile and Domestic Relations District Court, the *Rooker-Feldman* doctrine also bars the court from hearing issues that are "inextricably intertwined" with questions adjudicated by that state court.  *Phyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).  Issues are "inextricably intertwined" when, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual . . . ."  *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (internal citation omitted).  To the extent Plaintiffs' due process violations require any examination of the state court judgment, the *Rooker-Feldman* doctrine may bar the claim.